## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### NOT FOR PUBLICATION

| | | |
|---|---|---|
| CARLOS MANUEL DAVILA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-2209 |
| | ) | |
| v. | ) | Filed: July 20, 2022 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Carlos Manuel Davila filed this action to recover military disability retirement pay that he is allegedly owed. Before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons discussed below, Plaintiff's military pay claims are time-barred by the statute of limitations and all remaining claims, to the extent they are asserted independently, are beyond this Court's jurisdiction. Accordingly, Defendant's Motion is **GRANTED**.

### I. BACKGROUND

#### A. Factual History

Plaintiff, a retired veteran of the United States Army, enlisted on January 31, 1973. Pl.'s Compl. at 7, ECF No. 1.[1] A physical examination conducted on his enlistment day determined that Plaintiff was "fit for military service." Compl. Ex. at 32, ECF No. 1-2. Sometime in February 1973, Plaintiff fell on the Army base at Fort Jackson, South Carolina, where he was stationed.

---

[1] Because of numbering errors in the sequence of the Complaint's paragraphs, this opinion will cite to the Complaint by page number.

ECF No. 1 at 7. As a result, he sprained his ankle and injured his wrists. *Id.* On March 1, 1973, Plaintiff was admitted to Moncrief Army Hospital in Fort Jackson. ECF No. 1-2 at 9. While recovering in the hospital, Plaintiff alleges an unnamed officer repeatedly made crude sexual comments to him. ECF No. 1 at 18. This officer also allegedly made inappropriate sexual advances and promised a promotion and gifts if Plaintiff agreed to engage in sexual acts with him. *Id.* at 18–19. Plaintiff refused, and the officer allegedly threatened Plaintiff multiple times. *Id.* at 19.

In the hospital, the Medical Evaluation Board ("the MEB") found Plaintiff medically unfit for retention in the Army based on Plaintiff's limited range of motion in his wrists due to secondary to advanced arthritis that existed prior to service. ECF No. 1-2 at 9. Plaintiff was subsequently released from the hospital and honorably discharged from the Army on March 8, 1973. *Id.* Plaintiff contends that the officer who sexually assaulted him in the hospital retaliated against him by influencing the MEB's adverse fitness finding. ECF No. 1 at 19.

## B.    Procedural History

On June 12, 1997, Plaintiff filed an application with the Army Board for Correction of Military Records ("ABCMR"). ECF No. 1-2 at 4. The ABCMR denied his application on November 19, 1998, based in part on an advisory opinion finding no basis for Plaintiff's claim for medical retirement. *See id.* at 9. On December 20, 2011, the ABCMR administratively closed Plaintiff's follow-up request for reconsideration. *See id.* Plaintiff again filed an application for correction of his military records on September 26, 2019, and for the first time raised allegations of sexual assault/harassment allegedly resulting in his discharge. *Id.* at 3. He also alleged in his application that he suffered from PTSD and non-combat trauma, per a 2002 diagnosis by the Bronx Veterans Administration ("VA") Psychiatry Program. *Id.* at 54. At the ABCMR's request, a

psychologist from the Army Review Board Agency's medical staff reviewed the materials provided by Plaintiff and opined that Plaintiff had a "mitigating Behavioral Health condition, MST [Military Sexual Trauma], and trauma related anxiety" and that there was a "potential nexus between his MST and the medical complaints which led to his discharge." *Id.* at 20–21.  The ABCMR treated Plaintiff's September 2019 application as a request for reconsideration of its November 1998 decision, and again denied Plaintiff relief on December 18, 2020. *See id.* at 2–3, 7–16.  The denial decision was sent to Plaintiff under cover letter dated June 22, 2021. *Id.* at 6.

Following his discharge, Plaintiff separately pursued disability compensation from the VA for the arthritis in his wrists. ECF No. 1 at 10.  After initially being denied benefits due to a lack of service connection, the VA granted Plaintiff a 30 percent disability rating in December 2018 and on May 26, 2020, found Plaintiff has a 100 percent service-connected disability for the loss of use of both hands. *Id.*; *see* ECF No. 1-2 at 9, 11, 43.

Plaintiff filed a pro se complaint in this Court on November 18, 2021, challenging the Army's discharge action and the ABCMR's June 22, 2021 decision denying his request for, among other relief, military disability retirement pay.  ECF No. 1 at 20–29; *see* Pl.'s Resp. to Def.'s Mot. to Dismiss at 1–2, ECF No. 13.  The Complaint styles each of its five counts as being brought under the Administrative Procedure Act ("APA") and/or Little Tucker Act and alleges violations of the APA; the United States Constitution; the Military Pay Act, 37 U.S.C. § 204; the Privacy Act, 5 U.S.C. § 552a; and various internal memoranda issued by the Department of Defense ("DoD"). *See* ECF No. 1 at 20, 22–28.  As grounds for the Court's jurisdiction, the Complaint identifies the Tucker Act, 28 U.S.C. § 1491(a)(1); 10 U.S.C. § 1204, which governs disability retirement pay for service members on active duty for 30 days or less; the APA; and the Due Process Clause of the Fifth Amendment. *Id.* at 1–2.

On January 21, 2022, Defendant filed a Motion to Dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).  *See* Def.'s Mot. to Dismiss, ECF No. 7. The motion asserts that the Court is without jurisdiction to hear Plaintiff's claims because they are time-barred by the Court's six-year statute of limitations or otherwise beyond the Court's jurisdiction under the Tucker Act.  *Id.* at 5, 8.  Defendant's motion is now fully briefed and ripe for decision.  *See* ECF No. 13; *see* Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 14.

## II.  LEGAL STANDARDS

### A.    Jurisdiction

Pursuant to the Tucker Act:

> The United States Court of Federal Claims has jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  While the Tucker Act defines specific categories of actions against the United States that can be heard by the Court, it does not afford any substantive rights.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  In each case, the plaintiff must identify a separate source of substantive law that creates a right to money damages.  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).  For jurisdiction to exist over a monetary claim under the Constitution, a statute, or a regulation, the provision at issue in the action must be such that it "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Roberts v. United States*, 745 F.3d 1158, 1162 (Fed. Cir. 2014) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)).  In other words, the plaintiff bears the burden of identifying a money-mandating source of law.  *See Fisher*, 402 F.3d at 1172.

Two such sources of law that serve as a basis for jurisdiction in this Court are 37 U.S.C. § 204 and 10 U.S.C. § 1204. *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997); *Hassay v. United States*, 150 Fed. Cl. 467, 477 (2020) (citing *Pipes v. United States*, 791 F. App'x 910, 916 (Fed. Cir. 2019)).   The former statutory provision "serves as a money-mandating statute applicable to military personnel claiming damages and ancillary relief for wrongful discharge." *Holley*, 124 F.3d at 1465; *see* 37 U.S.C. § 204(a).   The latter is a money-mandating provision applicable to certain service members seeking disability retirement pay for injuries and illnesses either incurred in or aggravated during an active-duty period of less than or equal to 30 days.  *See Hassay*, 150 Fed. Cl. at 477; *see* 10 U.S.C. § 1204(2)(A)(i).

 Like other claims filed in this Court, a claim for wrongful discharge or disability retirement pay is subject to the statute of limitations in 28 U.S.C. § 2501; thus, it must be brought within six years after it first accrues.  *See Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc); *Chambers v. United States*, 417 F.3d 1218, 1223 (Fed. Cir. 2005).   The limitations period set forth in § 2501 is jurisdictional and is not subject to equitable tolling.  *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 140 (2008); *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008).

**B.      Standard of Review for Rule 12(b)(1) Motion**

A challenge to the Court's subject-matter jurisdiction over all or part of the claims asserted in a complaint is properly raised by motion under RCFC 12(b)(1).  If the Court finds that it lacks jurisdiction over the dispute, it must dismiss the claims.  RCFC 12(b)(1), (h)(3); *see Steel Co. v. Citizens for a Better Env't*, 525 U.S. 83, 94 (1998) (stating that jurisdiction is a threshold matter and thus a case can proceed no further if the court lacks jurisdiction to hear it).  The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *McNutt v. Gen. Motors*

*Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

When deciding a Rule 12(b)(1) motion, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). If jurisdictional facts are disputed, the plaintiff may not rest on mere allegations; instead, he must produce competent proof sufficient to support his allegations. *McNutt*, 298 U.S. at 189; *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). The Court grants a degree of leniency to pro se plaintiffs in reviewing their claims and construes pro se complaints liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This leniency, however, does not excuse pro se plaintiffs from establishing jurisdiction. *See Henke*, 60 F.3d at 799.

### III.  DISCUSSION

#### A.    Plaintiff's Military Pay Act Claims are Time-Barred by the Statute of Limitations.

Although Plaintiff disclaims any unlawful discharge claims (ECF No. 13 at 2), each cause of action in Plaintiff's Complaint specifically alleges that the Army wrongfully discharged him and, in the fourth count, purportedly violated the Military Pay Act, 37 U.S.C. § 204. *See* ECF No. 1 at 22, 24, 25, 26, 29. In the prayer for relief, Plaintiff seeks, *inter alia*, reinstatement to active duty in the Army as well as back pay and other benefits and allowances to which he is allegedly entitled. *See id.* at 29–30; *see also id.* at 17 (alleging entitlement to 48 years' worth of pay, dating back to his discharge from the military in 1973). The Court agrees with Defendant that the statute of limitations bars any claims challenging Plaintiff's discharge, which occurred nearly 50 years before he brought suit in 2021. *See* ECF No. 7 at 6, 10.

Under 28 U.S.C. § 2501, a claim accrues as soon as all events have occurred that are necessary to enable a plaintiff to bring suit—*i.e.*, "when all events have occurred to fix the Government's alleged liability, entitling a plaintiff to demand payment and sue for his money." *Martinez*, 333 F.3d at 1303. In the context of a suit challenging an unlawful discharge under § 204, the plaintiff's claim for back pay accrues at the time of discharge from the military. *Id.*; *see Henderson v. United States*, 152 Fed. Cl. 460, 466 (2021).

Here, Plaintiff was discharged from the Army in 1973. To have brought a timely wrongful discharge action in this Court, Plaintiff was required to file suit in or before 1979. Plaintiff's applications to and subsequent requests for reconsideration by the ABCMR do not affect the accrual date of his discharge claims. The United States Court of Appeals for the Federal Circuit and its predecessor, the Court of Claims, have frequently "rejected the argument that [a] cause of action for unlawful discharge does not accrue until the service member seeks relief from a correction board and the correction board enters a final decision denying relief." *Martinez*, 333 F.3d at 1304 (explaining that participation in a permissive administrative review process does not toll or renew the statute of limitations in a Tucker Act suit); *see Chambers*, 417 F.3d at 1224.

Accordingly, to the extent Plaintiff raises claims under the Military Pay Act related to his discharge, such claims first accrued in 1973 and are thus well beyond the statute of limitations. Pursuant to RCFC 12(b)(1), the Court must dismiss these claims.

**B.      Plaintiff's Disability Retirement Claim is Time-Barred by the Statute of Limitations.**

Plaintiff contends that the gravamen of the Complaint pertains to his alleged entitlement to military disability retirement pay under 10 U.S.C. § 1204 and his challenge to the ABCMR's June 2021 decision denying such relief. ECF No. 13 at 1, 6. The Court agrees with Defendant that the statute of limitations likewise bars Plaintiff's ability to bring suit for disability retirement pay. *See*

ECF No. 14 at 2. Contrary to Plaintiff's argument (ECF No. 13 at 2), the accrual date of such claim did not begin to run as of the date of the ABCMR's most recent decision, but rather upon its original denial of relief in November 1998.

Unlike wrongful discharge claims, a claim for military disability retirement does not necessarily accrue on the date the plaintiff was discharged from the armed services. The general rule is that such a claim accrues "on the date a military board authorized to determine entitlement acts in this regard or refuses to act." *Van Allen v. United States*, 70 Fed. Cl. 57, 62 (2006) (quoting *Chambers*, 417 F.3d at 1226), *aff'd* 236 F. App'x 612 (Fed. Cir. 2007); *see Friedman v. United States*, 310 F.2d 381, 389 (Ct. Cl. 1962). If "the service member requested review by an appropriate board [before discharge] and the request was denied, or if the board heard the service member's claim and denied it, then the limitations period begins to run upon discharge." *Chambers*, 417 F.3d at 1225 (citing *Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir. 1990)). A later request for review submitted to a corrections board does not toll the statute of limitations on such claim, "nor does a new claim accrue upon denial of the petition by the corrections board." *Real*, 906 F.2d at 1560 (citing *Friedman*, 310 F.2d at 396). However, as is the case here, where a "service member had neither requested nor been offered consideration by a disability board prior to discharge," the Federal Circuit has (with one exception not at issue here) held that the later denial of a petition by a corrections board "triggers the statute of limitations." *Chambers*, 417 F.3d at 1226 (citing *Real*, 906 F.2d at 1562).

Importantly, accrual occurs when the *first* competent board denies relief for a disability retirement claim. *Van Allen*, 70 Fed. Cl. at 63 (citing *Chambers*, 417 F.3d at 1227). A subsequent request for reconsideration will deprive the original adverse decision of finality and reset the statute of limitations only if the request (1) presents new evidence or changed circumstances, and (2) is

made in a reasonable amount of time.  *See Smalls v. United States*, 298 F. App'x 994, 996 (Fed. Cir. 2008) (citing, *inter alia*, *Van Allen*, 236 F. App'x at 614–15 & n.2, and *Cooley v. United States*, 324 F.3d 1297, 1305 (Fed. Cir. 2003)); *see also Green v. White*, 319 F.3d 560, 566 (3rd Cir. 2003) (stating that "any petition for rehearing to the ABCMR which does not include 'new evidence' does not re-start the statute of limitations").    What a "reasonable time period" is will vary with each case; however, prior cases have recognized that, "absent unusual circumstances," a reasonable period "would be measured in weeks, not years."  *Gratehouse v. United States*, 512 F.2d 1104, 1109 (Ct. Cl. 1975); *see Van Allen*, 70 Fed. Cl. at 63 (holding that a two-year gap between the board decision and the reconsideration request was not reasonable and did not reset the limitations period).

Courts have rejected requests to calculate the limitations period from the date of a reconsideration decision in cases involving military disability retirement claims brought by similarly situated service members.  *See Smalls*, 298 F. App'x at 997; *Van Allen*, 70 Fed. Cl. at 64 (involving a plaintiff discharged in 1978 and who filed suit in 2005, where the correction board first denied relief in 1986 and denied reconsideration in 1989, 1995, 2001, and 2003); *Henderson*, 152 Fed. Cl. at 467 (involving a plaintiff discharged in 1977 and who filed suit in 2017, where the correction board first denied relief in 2005 and denied reconsideration in 2008, 2012, and 2017).

In *Smalls*, the plaintiff was honorably discharged from the United States Marine Corps in 1980 after being diagnosed with a "physical disability . . . existing prior to service and not aggravated by service."  298 F. App'x at 995.  The plaintiff contended, and his entrance medical report indicated, that he had no preexisting physical conditions.  *Id.* at 994–95.  The Board for Correction of Naval Records ("BCNR") issued a final decision denying the plaintiff's petitions for retirement pay in 1992 and denied his subsequent reconsideration requests in 1997 and 1998.  *Id.*

at 995.  In 2005, the plaintiff requested reconsideration again based on allegedly new evidence. *Id.*  The BCNR denied his request that same year.  *Id.*  In 2007, the plaintiff filed suit in the Court of Federal Claims.  *Id.*  The Federal Circuit affirmed the trial court's order dismissing the claim as time-barred.  It held that the plaintiff's claim first accrued upon the BCNR's original decision in 1992 and that the later reconsideration requests did not toll or restart the limitations period because they did not present new or undiscovered evidence and were not submitted in a reasonable time period.  *See id.* at 997.

     Here, the documents attached to the Complaint show the ABCMR first determined that Plaintiff was not entitled to military disability retirement pay in November 1998.  ECF No. 1-2 at 9.  Plaintiff sought reconsideration in December 2011 and filed a new application in September 2019 that the Board construed as (and that Plaintiff concedes was) a reconsideration request.  *See id.* at 7, 9; ECF No. 13 at 2.  Plaintiff has not demonstrated that the reconsideration requests introduced new evidence or changed circumstances.  In his opposition, Plaintiff points to the medical review conducted by the agency psychologist in response to his September 2019 application, which opined on Plaintiff's mental health and military sexual trauma.  *See* ECF No. 13 at 3.  However, the information on which the opinion was based, although apparently asserted for the first time in his more recent application, dates back several years.  Specifically, the sexual assault and harassment allegations pertain to Plaintiff's active-duty service at Fort Jackson.  ECF No. 1 at 18–19.  Plaintiff, as the victim, would have had first-hand knowledge of those events at the time they occurred in 1973, which was 25 years prior to the ABCMR's first decision denying relief.  Moreover, Plaintiff received his PTSD and non-combat trauma diagnoses in 2002, which

was 9 years and 17 years, respectively, before his follow-up reconsideration requests.[2]  ECF No. 1 at 20.

Even if the Court determined that Plaintiff presented "new evidence" or "changed circumstances" in connection with his September 2019 application, this more recent reconsideration request was not made in a reasonable amount of time.  *See Smalls*, 298 F. App'x at 996; *Schmidt v. United States*, 89 Fed. Cl. 111, 122 (2009).  The ABCMR issued its original decision and closed the matter in 1998, over 20 years before Plaintiff most recently sought reconsideration of the denial. ECF No. 1-2 at 9.  A multi-decade period between the initial decision and reconsideration request is well outside the "weeks, not years" timeframe that courts have found short enough to justify delaying the finality of the initial decision.  *Gratehouse*, 512 F.2d at 1109.  Accordingly, Plaintiff's reconsideration requests do not affect the limitations period, and do not save Plaintiff's claim from being time-barred.

That the ABCMR considered the information provided with Plaintiff's September 2019 application and obtained a medical review does not change this conclusion.  Relying on *Sendra Corp. v. Magaw*, 111 F.3d 162 (D.C. Cir. 1997), Plaintiff argues that "when an agency confronts a request for reconsideration" and "reopens proceedings . . . the resulting decision is a new final action that triggers a new limitations period."  ECF No. 13 at 3.  *Sendra*, however, was an APA

---

[2] There also are two potential changes in circumstances referenced in the Complaint—*i.e.*, Plaintiff's May 2020 VA service-connected disability finding and the three DoD internal guidance memoranda issued between 2014 and 2018.  ECF No. 1-2 at 43; ECF No. 7 at 14–26.  Neither is sufficient to reset the statute of limitations.  The VA finding is not binding on the ABCMR because eligibility for military disability retirement and for VA disability benefits are determined in different ways.  *See Myers v. United States*, 50 Fed. Cl. 674, 690 n.41 (2001).  The internal DoD memos, as Defendant correctly notes, merely provide guidance for boards considering claims of service members who have PTSD or who experienced military sexual abuse/harassment.  *See* ECF No. 14 at 5.  They do not (and could not) change the statutory eligibility requirements for disability retirement, nor do they expressly grant service members a new right of action or tolling of the limitations period.

case, and the question at issue was whether an agency's decision denying a fourth request for reconsideration was a new final agency action that constituted a new right of action subject to a new limitations period.  111 F.3d at 167.  The Federal Circuit in *Martinez* acknowledged the distinction between the accrual of an APA claim and the accrual for a military pay claim under the Tucker Act.  *See Martinez*, 333 F.3d at 1313.  Moreover, the Circuit (and other judges of this Court) have created and applied a specific standard for determining accrual of a disability retirement pay claim, as well as the impact (if any) of a subsequent reconsideration request on the claim's accrual date.  *See Chambers*, 417 F.3d at 1226; *see also Smalls*, 298 F. App'x at 997; *Van Allen*, 70 Fed. Cl. at 64.

Accordingly, the ABCMR's June 2021 decision did not restart the limitations period on Plaintiff's military disability retirement claim, which first accrued in 1998 and is thus well beyond the statute of limitations.  Since the limitations period has already run, the Court must dismiss this claim for lack of jurisdiction.

### C.    The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Remaining Claims.

Plaintiff's Complaint alleges the ABCMR's June 2021 decision, and the underlying actions of the Army, violated the APA, the Privacy Act, various constitutional amendments, and certain internal DoD memoranda providing guidance to boards considering applications of service members who have PTSD or experienced military sexual trauma.  ECF No. 1 at 20, 22–25, 26–29.  To the extent Plaintiff asserts these alleged violations as part of his challenge to the ABCMR's June 2021 decision, they are time-barred for the reasons explained above.  To the extent Plaintiff asserts these allegations to support independent claims, the Court agrees with Defendant that the claims do not fall within the Court's Tucker Act jurisdiction.  *See* ECF No. 7 at 8.

Although Plaintiff is correct that the Court applies the APA standard of review in a military pay case, *see* ECF No. 13 at 5; *Metz v. United States*, 333 F.3d 991, 998 (Fed. Cir. 2006), it is well established that the Court lacks the general federal question jurisdiction that would allow it to review agency actions and grant relief directly under the APA, *see Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997); *Lions Raisins, Inc. v. United States*, 416 F.3d 1356, 1370 n.11 (Fed. Cir. 2005).  Such claims must be brought in a federal district court rather than in the Court of Federal Claims.  *Roberts*, 745 F.3d at 1167 (citing *Bowen v. Massachusetts*, 487 U.S. 879, 891 n.16 (1988)).

Similarly, the Federal Circuit and numerous judges of this Court have rejected outright the jurisdiction of the Court of Federal Claims "over claimed violations of the Privacy Act . . . because th[e] statute[] do[es] not contain [a] money-mandating provision[]." *Frazier v. United States*, 683 Fed. App'x 938, 940 (Fed. Cir. 2017); *see, e.g.*, *Braun v. United States*, 144 Fed. Cl. 560, 571 (2019) ("Any claims that plaintiff wishes to pursue under the Privacy Act can only be brought in a District Court, and cannot be brought in this court.") (collecting cases).  As those cases note, section 552a(g)(1) of the Privacy Act explicitly vests federal district courts with jurisdiction to adjudicate a civil action against an agency for an alleged violation of the Act.  5 U.S.C. § 552a(g)(1).

Plaintiff's claims based on alleged violations of the Constitution, namely violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments likewise fail.  *See* ECF No. 1 at 1, 3, 12–13, 24–25, 27, 28 (alleging due process violations based on the Army's alleged refusal to reconsider its evaluations and the ABCMR's alleged failure to provide notice of policy changes to the public); *id.* at 10 (asserting a vague violation of the Sixth Amendment); *id.* at 12 (alleging Army medical doctors violated the Eighth Amendment by subjecting Plaintiff to cruel and unusual punishment

by knowingly and purposefully not providing him with pain medication for his condition).  This Court may render a money judgment based on the violation of a constitutional provision only where the provision independently mandates payment of money damages by the United States.  *See Khan v. United States*, 201 F.3d 1375, 1377–78 (Fed. Cir. 2000).  Because neither the Sixth Amendment, Eighth Amendment, nor the Due Process Clauses of the Fifth and Fourteenth Amendments can fairly be interpreted to require the payment of money for their alleged violation, they do not provide an independent basis for jurisdiction in this Court.  *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004); *see Rosano v. United States*, 9 Cl. Ct. 137, 142 (1985) (holding that the only constitutional claim that the Court of Federal Claims clearly has jurisdiction over is one based on the Fifth Amendment's Takings Clause because that clause mandates "just compensation" by the government).

Finally, the alleged violations of certain internal DoD memoranda also do not provide an independent basis for jurisdiction in this Court.  The three memos cited in the Complaint, referred to as the "Hagel," "Kurta," and "Wilkie" Memos, provide guidance for Discharge Review Boards ("DRBs") and Boards for Correction of Military Records ("BCMRs") in processing claims for relief that involve PTSD, sexual assault/harassment, and other mental health conditions.  *See* ECF No. 1 at 1; *see* ECF No. 7 at 14–26 (attaching copies of memoranda).  None of these memoranda purport to entitle claimants to monetary compensation for any violations of the guidance.  The most recent memo, the Wilkie Memo, explicitly states that "this guidance does not mandate relief, but rather provides standards and principles to guide DRBs and BCM/NRs in application of their equitable relief authority."  ECF No. 7 at 24.   Therefore, even if these memoranda provided a private cause of action, they cannot fairly be interpreted as money-mandating and thus do not support jurisdiction in this Court.  *See Roberts*, 745 F.3d at 1162.

14

Accordingly, the Court is without jurisdiction to hear and must dismiss any remaining claims founded on the APA, the Privacy Act, the Constitution, or the internal DoD guidance memoranda.

## IV.  CONCLUSION

For these reasons, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 7) for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**.  The Clerk is directed to enter judgment accordingly.[3]

**SO ORDERED.**

Dated: July 20, 2022                        */s/ Kathryn C. Davis*
                                            KATHRYN C. DAVIS
                                            Judge

---

[3] Plaintiff's Complaint was sealed by the Clerk's office due to the inclusion of personally identifiable information in the accompanying exhibits.  The briefs relating to Defendant's motion, however, have been filed publicly without redactions.  Because the Court has determined that this opinion does not disclose any information protected from public disclosure pursuant to RCFC 5.2(a), it is filing this opinion in its entirety on the public docket.